## PEOPLE *vs.* LYNN.

*Ninth District Court for Trinity Co., April T.,* 1858.

### OFFICIAL BOND—LIABILITY OF SURETIES.

A county treasurer gave an official bond, and entered upon the discharge of his duties. Additional security being required, he gave a second bond, conditioned " to pay all moneys *hereafter* to be collected." Suit was brought against the sureties on this bond.

*Held,* that they were not liable for any moneys collected by their principal prior to the execution, &c., of the bond.

This was an action upon a bond given by *Lynn*, for the payment of

People *vs.* Lynn.

moneys which he might receive as treasurer, after he had entered upon the duties of his office. After giving the first bond, an additional bond was required, and given conditioned, " to pay all moneys *hereafter* to be collected, and faithfully to perform all other duties enjoined by law." The complaint averred that by reason of the conditions of the said bond, the defendant *Lynn* and his sureties, were bound to pay all money in his hands at the date of the execution of the bond.

(The same points were made about the election of *Lynn* that were mooted in *People* v. *Lynn*, (*supra* 187,) and decided in the same way. The special verdict was the same in relation to the election and acts of *Lynn*, as treasurer.)

*J. Gallagher*, (dist. att'y.) and *Sprague & McMurtry*, for plaintiff.

*Pitzer & Burch, Chadbourne, Howe* and *J. Baggs*, for defendants.

DAINGERFIELD, J.—There is no doubt in my mind, from the authorities cited, that sureties can limit their responsibility, and that this bond does limit the liability of the sureties to the payment of any moneys collected after the 3d day of December, 1856. In reply it is urged that the sureties have signed it as an *official bond*, and that official bonds are security for past as well as future conduct of an officer ; and cases are cited showing that sureties for officers who had collected money before they executed a bond, were held bound for moneys thus collected. Public policy may require in cases of that kind such security, but where a bond has once been given, and additional security is required, as in this instance, no presumption is raised that the principal has funds in his hands for which the state has no security. The bond might have been refused, but having been received with the limitation upon the responsibility of the sureties, and approved by the proper officer, the limitation became a part and parcel of it, and the sureties are only bound for that for which they assumed to be responsible. It is an official bond *pro tanto*. Let judgment be rendered for all money received by defendant *Lynn* and not paid over, after the 3d December, 1856, the date of the bond sued on.